FILED

JUL 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COLONIAL MEDICAL GROUP, INC., a California corporation,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>CATHOLIC HEALTH CARE WEST, a California not-for-profit corporation, DBA Mercy Hospital; GOLDEN EMPIRE MANAGEMENT CARE, A MEDICAL GROUP, INC., a California corporation; MANAGED CARE SYSTEMS, LP,<br><br>        Defendants - Appellees. | No. 10-16490<br><br>D.C. No. 3:09-cv-02192-MMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted June 17, 2011
San Francisco, California

Before: BYBEE and MURGUIA, Circuit Judges, and SINGLETON, Senior District Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for Alaska, Anchorage, sitting by designation.

Plaintiff-Appellant Colonial Medical Group ("Colonial") appeals the district court's dismissal of its antitrust claims under Federal Rule of Civil Procedure 12(b)(6). Colonial sued Defendants-Appellees Mercy Hospital and Golden Empire Managed Care ("GEMCare"), alleging that their exclusive dealing arrangement violated sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1–2. The district court dismissed Colonial's complaint on the grounds that it pled an underinclusive market. We affirm.

We review de novo a district court's dismissal under Rule 12(b)(6). *Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted). Sections 1 and 2 of the Sherman Act require a plaintiff to plead a relevant product market affected by the alleged anticompetitive conduct. *See Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 996, 998 (9th Cir. 2010). A properly defined product market "includes the pool of goods or services that enjoy reasonable interchangeability of use and cross-elasticity of demand." *Oltz v. St. Peter's Cmty. Hosp.*, 861 F.2d 1440, 1446 (9th Cir. 1988). An antitrust complaint

2

can be dismissed if its market definition is "facially unsustainable." *See Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1045 (9th Cir. 2008).

Colonial's complaint defines the relevant market as "healthcare providers in the business of providing medical services to prison inmates at secure or guarded hospital facilities within [Central California]." In practical terms, Colonial has complained that most prisoners in the Central California region are treated at Mercy Hospital because it has a secure wing, and that GEMCare entered into a favorable contract with Mercy. This arrangement is not the basis for an antitrust suit. As the district court found, Colonial defined the market far too narrowly. The district court concluded that this market is underinclusive because it did not account for "medical services provided to persons who, for example, are inmates of local jails or other locked facilities . . . ." We agree. Colonial's market definition fails to "encompass the product at issue *as well as all economic substitutes for the product*." *Newcal*, 513 F.3d at 1045 (citing *Brown Shoe v. United States*, 370 U.S. 294, 325 (1962)) (emphasis added). Although the complaint alleges facts distinguishing the market for inmate health care from the general market for health care, it does not explain, for example, why medical services for state and federal prisoners are not interchangeable with services for other incarcerated individuals. Colonial's limitation of its proposed market to state and federal prison inmates

3

would, if accepted, distort the subsequent determination of GEMCare's market power. Accordingly, the district court properly dismissed its claims under the Sherman Act.

The district court also concluded that, in the alternative, Colonial's complaint failed to allege the other elements of its claims under either § 1 or § 2. Because we conclude that its market definition is facially unsustainable, we do not reach the questions of whether Colonial has met its burden of pleading with respect to the other elements of its claims.

Finally, the parties acknowledge that the requirements for a claim under California's Cartwright Act are identical to those for a claim under the Sherman Act. Accordingly, because we affirm the district court's dismissal of Colonial's Sherman Act claims, we also affirm its dismissal of Colonial's Cartwright Act claims.

AFFIRMED.